UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM F. RODRIGUEZ, | Case No. CV 07-455-OP |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| MICHAEL J. ASTRUE,[1] Commissioner of Social Security, | |
| Defendant. | |

The Court[2] now rules as follows with respect to the single disputed issue listed in the Joint Stipulation ("JS").[3]

---

[1] Michael J. Astrue, who was sworn in as the Commissioner of the Social Security Administration on February 12, 2007, is substituted as the Defendant pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the United States Magistrate Judge in the current action (See Dkt. Nos. 7, 8.)

[3] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42

(continued...)

# I.
# **DISPUTED ISSUE**

As reflected in the Joint Stipulation, the disputed issue Plaintiff raises as the ground for reversal and/or remand is whether the ALJ properly considered the opinion of Plaintiff's treating physician. (JS at 4.)

# II.
# **STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).

# III.

---

[3](...continued)
U.S.C. § 405(g).

**DISCUSSION**

On July 25, 2002, Plaintiff's treating physician, Dr. Andrew Rah, examined Plaintiff for a work-related back injury. (Administrative Record ("AR") at 124 - 127.) Dr. Rah concluded that Plaintiff was limited to light work only and should be allowed to sit and stand "as necessary." Id. Dr. Rah also stated that Plaintiff would be unable to sit for more than four hours per day, or stand for more than four hours per day. Id. Plaintiff contends that the ALJ erred because he failed to provide specific and legitimate reasons for rejecting the opinions of Dr. Rah. According to Plaintiff, Dr. Rah left it to Plaintiff to determine how often he would need to switch positions. (JS at 7.) The Court does not agree.

It is well-established in the Ninth Circuit that a treating physician's opinions are entitled to special weight because a treating physician is employed to cure and has a greater opportunity to know and observe the patient as an individual. McAllister v. Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527(d)(2). If the treating physician's opinion is uncontroverted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996); Baxter v. Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991). If the treating physician's opinion is controverted, it may be rejected only if the ALJ makes findings setting forth specific and legitimate reasons that are based on the substantial evidence of record. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at 751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

The ALJ determined that Plaintiff has the residual functional capacity "to

1   perform a range of sedentary to light work." (AR at 22.)  The ALJ also restricted
2   Plaintiff's ability to sit up to four hours per workday, and stand and/or walk up to
3   four hours per workday.  Id.  Dr. Rah explicitly found that Plaintiff would be
4   "limit[ed] to light work only," would need to sit and stand "as necessary," and
5   would be "unable to sit for more than four hours per day, or stand for more than
6   four hours per day." (AR at 126.)  Thus, with the exception of Dr. Rah's opinion
7   that Plaintiff must be able to sit and stand "as necessary," the ALJ's residual
8   functional capacity assessment is substantially similar to Dr. Rah's opinions.

9        Dr. Rah did not give any indication of what he meant by the term "as
10  necessary."  At the hearing, Plaintiff asserted he could only sit and stand for five
11  to ten and ten to fifteen minutes, respectively.  (AR at 514-15.)  The ALJ,
12  however, found that Plaintiff was not entirely credible (AR at 23-24), and Plaintiff
13  apparently does not dispute that credibility determination.  Consequently, the ALJ
14  rejected Plaintiff's contention that "as necessary" meant that Plaintiff should be
15  limited to work where he could sit for only five to ten minutes, or stand for only
16  ten to fifteen minutes.  Instead, the ALJ apparently accepted the combined
17  opinions of Dr. Rah and the vocational expert.  Dr. Rah opined that Plaintiff
18  should be limited to light work only.  (Id. at 126.)  The vocational expert
19  explained that by definition, light work requires an individual to be able to sit and
20  stand in increments of fifteen to twenty minutes.  (Id. at 524-25.)  The vocational
21  expert stated that, given these limitations, numerous light occupations existed in
22  the community that Plaintiff could perform.  (Id. at 524-27.)  On further
23  questioning by the ALJ, including a sit/stand option hypothetical, the vocational
24  expert testified that although an additional limitation of a "sit/stand" option
25  reduced the number of positions, there were such occupations still available.  (Id.
26  at 527-28.)  Specifically, the following exchange took place between the ALJ and
27  the VE:
28

Q [ALJ]: Third hypothetical is Dr. Rah, R-A-H, permanent stationary as of July of '02 indicating discogenic low-back pain L5, SI limited to light work. Allowed to sit and stand as necessary. Unable to sit more than four hours per day but stand more than four hours per day. Two out of six. I take it that would not allow him to do his prior work.

A [VE]: That is correct.

Q [ALJ]: Okay. Of the 1,600 light, unskilled jobs titles in the grid, how many could he do with these limitations as found by Dr. Rah.

A [VE]: According to the last hypothetical?

Q [ALJ]: Yes. That would be, he said he was limited to light work, allowed to sit and stand as necessary, unable to sit more than four hours per day, stand more than four hours per day.

A [VE]: Well, there would be light work if he could stand or sit in increments of approximately 15 to 20 minutes at a time. If he had to sit and stand, like, every two to three minutes, That would not be possible. That's why we need some sort of time reference.

Q [ALJ]: Okay. But he didn't provide any. You can look at 2F6 and see if you can draw any inference but I don't, my notes don't reflect any specific time that he gave. (INAUDIBLE). Basically, I guess what I'm looking for is bench work, Mr. Freeman.

A [VE]: Right. I understand.

Q [ALJ]: Where he could either stand or sit on bench.

A [VE]: Right and if we only had the option of sit or stand, there would be jobs that would consist of light relevant work.

Q [ALJ]: Okay. And what are those jobs?

\*          \*          \*

A [VE]:   Inspection, yes, because it's light.

\*          \*          \*

Q [ALJ]: Okay.  A sorter?

A [VE]: Yes.

\*          \*          \*

A [VE]: There would also be some assembly position/small products.

(Id. at 524-25.)

Based on this exchange, it is clear the ALJ accepted the combined opinions of Dr. Rah and the vocational expert and that the ALJ's finding is consistent with Dr. Rah's opinion.  Accordingly, even if the ALJ's failure to include the sit/stand option in his residual functional capacity assessment was error, any error was harmless.  Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1991) (harmless error rule applies to review of administrative decisions regarding disability).

## IV.

## ORDER

IT IS THEREFORE ORDERED that Judgment be entered affirming the decision of the Commissioner, and dismissing this action with prejudice.

DATED: June 30, 2008

HONORABLE OSWALD PARADA
United States Magistrate Judge